# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JACKSON SUPPLY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0150-WS-C |
| | ) |
| 7 GENERAL CONTRACTING, INC., etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 32). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 32-33, 37-39), and the motion is ripe for resolution.

The plaintiff sold materials to the predecessors of the entity defendant ("7 General") pursuant to certain trade credit applications ("the TCAs"). Defendants Toni Mason ("Toni") and Tally White ("White) executed personal continuing guaranties guaranteeing payment of sums coming due under the TCAs. The account fell into arrears, and in November 2016 the plaintiff filed suit against Toni, White and the entity defendant's predecessor. *Jackson Supply Co. v. Development Consulting, Inc.*, Civil Action No. 16-0563-KD-C. The parties entered a forbearance and settlement agreement ("the Agreement"), which established a sum to be paid by the defendants and a schedule for such payments. The entity defendant's president ("Heath") signed a personal guaranty of the defendants' obligations under the Agreement. With these documents in hand, the parties stipulated to dismissal of the lawsuit without prejudice.

The defendants for a time made the monthly payments required by the Agreement as amended but ceased doing so in February 2019. This action followed. Count One asserts a claim for breach of contract: against 7 General for breach of the TCAs, and

against Toni and White for breach of their guaranties regarding the TCAs. Count Two asserts a claim against 7 General for unjust enrichment. Count Three asserts a claim against 7 General, Toni and White for breach of the Agreement, and Count Four asserts a claim against Heath for breach of his guaranty. The plaintiff seeks summary judgment with respect to Counts One, Three and Four.[1]

With respect to Counts Three and Four, the plaintiff's uncontroverted evidence establishes the existence and contents of a contract between the plaintiff and each defendant. The uncontroverted evidence likewise establishes these defendants' breach of those contracts. These defendants admit their liability under the Agreement and Heath's guaranty and dispute only the amount of interest owed. (Doc. 10 at 4-5; Doc. 11 at 3-4; Doc. 32-3 at 3; Doc. 32-5 at 1).

The uncontroverted evidence establishes the principal amount owed for breach of the Agreement and Heath's guaranty as $211,817.15, which the defendants admit is correct. (Doc. 33 at 2; Doc. 37 at 1; Doc. 38 at 1). The parties initially disputed the calculation of interest, but the plaintiff has accepted the defendants' position that simple (not compound) interest at the rate of 1.5% per month runs from the February 2019 date of breach (not from the Agreement's execution in January 2017). (Doc. 37 at 3-4; Doc. 39 at 2-3). The parties have not, however, presented a calculation of the correct amount of interest, and the Court declines to enter judgment without it.

The Agreement and Heath's guaranty provide for an award of attorney's fees. The plaintiff seeks leave under Rule 54(d) to file a post-judgment motion for such fees. (Doc. 32 at 3). As the Court has explained in previous cases, the contractual nature of the

---

[1] The plaintiff's motion is thus one for partial summary judgment. However, the plaintiff considers its unjust enrichment claim "resolved" if it obtains summary judgment as to the other claims. (Doc. 33 at 9 n.3).

Although the plaintiff purports to seek summary judgment as to Count One, its argument focuses exclusively on Counts Three and Four. Because the plaintiff has not addressed Count One (including without limitation the question whether the Agreement works a novation or otherwise negates relief under the TCAs and accompanying guaranties), it cannot receive summary judgment as to this claim.

plaintiff's claim for such fees precludes a post-judgment award. *E.g., Wells Fargo Bank v. Raymond & Associates, LLC*, 2015 WL 772137 at *3 (S.D. Ala. 2015).

For the reasons set forth above, the plaintiff's motion for summary judgment is **denied** as to Count One and is **granted in part** as to Counts Three and Four. The principal amount of liability under Counts Three and Four is established as $211,817.15. The plaintiff's entitlement to interest under Counts Three and Four is established, with the amount to be determined as 1.5% per month simple interest, running from the February 2019 breach until entry of judgment, with post-judgment interest at the statutory rate. To the extent the plaintiff seeks a greater award of pre-judgment interest, its motion is **denied**.

The parties are **ordered** to confer in an effort to reach agreement regarding: (1) the dollar amount of interest to be awarded (within the parameters established above); (2) the dollar amount of attorney's fees to be awarded; (3) the dollar amount of costs to be awarded; (4) resolution of Counts One and Two; (5) the form of judgment; and (6) anything else required to bring this matter to final resolution. The parties are **ordered** to file their joint statement regarding these matters on or before **January 13, 2020**.

DONE and ORDERED this 23rd day of December, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE